WAKEMEN (TALBOT v.). See Case No. 13,731.

WALBRUN (BABBITT v.). See Cases Nos. 694, 695.

## Case No. 17,052.

### WALCOTT v. ALMY et ux.

[6 McLean, 23.] [1]

Circuit Court. D. Michigan. June Term, 1853.

FRAUDULENT CONVEYANCES — PRIMA FACIE EVIDENCE—CONSIDERATION.

1. Conveyances executed. under whatever pretences, by an individual insolvent or unable to pay his debts, will be held prima facie void in the

hands of the grantee against creditors, especially when the grantee has knowledge of the facts.
[Cited in Pursel v. Armstrong, 37 Mich. 331.]

2. Where the consideration passed from the grantor to the grantee, with the view of covering the property, by a conveyance to the wife of the grantor, it is a strong circumstance to show fraud.

[Suit by Horatio G. Walcott against John Almy and wife.]

Davidson & Holbrook, for complainant.
T. B. Church, for defendants.

McLEAN, Circuit Justice. This is a bill filed to aid an execution at law which has been levied on certain property, charged to have been fraudulently conveyed to defeat the claims of creditors. The proof clearly shows that at the time the deed to Mrs. Morse was executed by John Almy, he was in embarrassed circumstances, and unable to pay his debts. In addition to the fact proved by the witnesses, the defendant, by his letters to the complainant, admitted his insolvency. There can be no doubt that a deed executed under such circumstances, known to the grantee, who was the sister of his wife, on the pretence that he was indebted to the estate of Mr. Morse, deceased, with the intent of reserving it from the grantor's creditors, is void. The consideration stated in the deeds to Mrs. Almy, for there were more than one, was paid by John Almy, and he thereby became the equitable owner. Neither love nor affection, nor a gift, can support a deed, given fraudulently, though a moneyed consideration be named in it. 1 Story, Eq. Jur. p. 393, § 353. The conveyance by John Almy to Frances Morse. was fraudulent and without consideration, as the grantor was unable to pay his debts at the time. The testimony of Mrs. Lester. late Mrs. Morse. contradicts the facts stated in the answer. The consideration of the deed of Mrs. Morse to Mrs. Almy, they being sisters, was for her support, and money furnished by John Almy; and he collected the rents for the house. which he did not occupy, and rendered no account of the same. And the defendants and Mrs. Morse continued to occupy the other house, from the time the conveyance was executed. Under the circumstances. we cannot doubt. the conveyances were executed to protect the property from the claims of Almy's creditors, and that they were fraudulent. The court, therefore, order the execution to issue, and so much of the property to be sold as shall be necessary to satisfy the judgment on which the execution was issued and levied.